1

2

3

4

5

6

7

8                          UNITED STATES DISTRICT COURT

9                          EASTERN DISTRICT OF CALIFORNIA

10                              ----oo0oo----

11   MEDICAL BENEFITS
     ADMINISTRATORS OF MD, INC., a
12   Maryland corporation; and
     CUSTOM RAIL EMPLOYER WELFARE
13   TRUST FUND,
                                          NO. CIV. S-06-2408 FCD DAD
14          Plaintiffs,

15      v.                                MEMORANDUM AND ORDER

16   SIERRA RAILROAD COMPANY, n/k/a
     SIERRA NORTHERN RAILWAY; VANNA
17   M. WALKER; AMBER A. GILLES and
     DAVID N. MAGAW,
18
            Defendants.
19
                                ----oo0oo----
20

21       This matter is before the court on defendant Vanna M.

22   Walker's ("Walker") motion to dismiss Counts III and V (for fraud

23   and negligent misrepresentation, respectively) of plaintiffs'

24   first amended complaint ("FAC") pursuant to Federal Rule of Civil

25   Procedure 12(b)(6).[1]  Only Counts I, III and V of the FAC are

26   asserted against Walker.  (FAC [Docket #45], filed May 24, 2007.)

27

28          [1]  Because oral argument will not be of material
     assistance, the court orders this matter submitted on the briefs.
     E.D. Cal. L.R. 78-230(h).

Walker answered the FAC with respect to Count I for restitution under ERISA Section 502(a)(3). (Answer, filed April 4, 2008 [Docket #77].)  However, Walker moves, based on the court's October 5, 2007 Memorandum and Order ("October 5 Order"), to dismiss Counts III and V on the ground these state law claims are preempted by ERISA.[2]  In the October 5 Order, the court granted in part and denied in part co-defendants Sierra Railroad Company ("Sierra"), David N. Magaw ("Magaw") and Amber A. Gilles' ("Gilles") motions to dismiss the FAC.[3]  (Docket #63.) The court granted the motions as to plaintiffs' state law claims (including Counts III and V), finding those claims preempted by ERISA Section 514(a), but denied the motions as to plaintiffs' ERISA Section 502(a)(3) claim, finding this claim sustainable as a claim for equitable restitution.  (October 5 Order at 7-15.)

Specifically, with respect to plaintiffs' state law claims, the court found as follows:

> [E]ach of plaintiffs' state law claims relate to the [subject ERISA] Plan and are therefore preempted. Plaintiffs' state law claims rest on the foundation that defendants misrepresented facts to plaintiffs or that Walker was ineligible to enroll in the Plan.  Each claim requires interpretation of the Plan's eligibility requirements in order to resolve the issues at stake, regardless of any alleged misrepresentation.  That is, if Walker met the eligibility requirements, plaintiffs would have no claim.  Thus, each state law cause of action is preempted by ERISA [S]ection 514(a).

---

[2]   Alternatively, Walker alleges plaintiffs' FAC fails to allege sufficient facts to sustain a claim of fraud or negligent misrepresentation against her.  The court need not reach this argument as it finds these state claims preempted.

[3]   At the time these defendants filed their motions, Walker had not appeared in the action.  (October 5 Order at 2 n. 1.)

1  (Id. at 11:11-20.)  Walker's instant motion raises the same

2  essential arguments in favor of preemption as raised by Sierra,

3  Magaw and Gilles.   Thus, for the same reasons as set forth in the

4  court's October 5 Order (see id. at 7-11), Walker's motion to

5  dismiss is hereby GRANTED.   Counts III and V of the FAC, asserted

6  against Walker, are dismissed as preempted by ERISA.   Thus, this

7  action proceeds against defendants Sierra and Walker on Count I

8  of the FAC only.[4]

9        IT IS SO ORDERED.

10  DATED: May 2, 2008.

11

12  _____

13  FRANK C. DAMRELL, Jr.
    UNITED STATES DISTRICT JUDGE

14

15

16

17

18

19

20

21

22

23

24

25

26

27        [4]   Defendants Magaw and Gilles were dismissed from the
    action pursuant to the October 5 Order, as only state law claims

28  were asserted against them.

3