UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

----oo0oo----

MEDICAL BENEFITS ADMINISTRATORS OF MD, INC., a Maryland corporation; and CUSTOM RAIL EMPLOYER WELFARE TRUST FUND,

    Plaintiffs,

  v.

SIERRA RAILROAD COMPANY, n/k/a SIERRA NORTHERN RAILWAY; VANNA M. WALKER; AMBER A. GILLES and DAVID N. MAGAW,

    Defendants.

NO. CIV. S-06-2408 FCD DAD

MEMORANDUM AND ORDER

----oo0oo----

    This matter is before the court on plaintiffs Medical Benefits Administrators of MD, Inc. and Custom Rail Employer Welfare Trust Fund's ("plaintiffs") motion to amend the court's September 1, 2009 memorandum and order,[1] denying plaintiffs'

---

[1] Said order was filed on September 2, 2009 (Docket #131).

motion for summary judgment (the "Order").[2]  Pursuant to Federal Rule of Civil Procedure 59(e), plaintiffs (1) move the court to reconsider its finding that defendant Sierra Railroad Company ("Sierra") did not know of defendant Vanna Walker's ("Walker") health status until January 7, 2004, at the earliest and (2) to clarify that this case is to be tried by the court, not a jury. For the following reasons, the court DENIES plaintiffs' motion.

Where the court's ruling has resulted in a final judgment or order, a motion for reconsideration may be based either on Rule 59(e) (motion to alter or amend judgment) or Rule 60(b) (motion for relief from judgment) of the Federal Rules of Civil Procedure. See School Dist. No. 1J, Multnomah County v. ACandS, Inc., 5 F.3d 1255, 1262 (9th Cir. 1993). Because plaintiffs' motion was filed within ten days of the court's Order, the court considers the instant motion under Rule 59(e). Fed. R. Civ. P. 59(e) (requiring that all motions submitted pursuant to this rule be filed within ten days of entry of judgment). Absent "highly unusual circumstances," reconsideration of a final judgment or order is appropriate only where (1) the court is presented with newly-discovered evidence, (2) the court committed "clear error or the initial decision was manifestly unjust," or (3) there is an intervening change in the controlling law. School Dist. No. 1J, Multnomah County, 5 F.3d at 1263.

Here, plaintiffs base their motion on the claim that the court committed "clear error" in finding that (1) it was

---

[2]  Because oral argument will not be of material assistance, the court orders this matter submitted on the briefs. E.D. Cal. L.R. 78-230(h).

2

1  undisputed that Sierra did not know of Walker's health status
2  until at the earliest, January 7, 2004, and (2) in finding that
3  triable issues of fact remained, which the "jury" must determine,
4  as to whether defendants made any false statements of fact in the
5  Enrollment Form, had knowledge of the claimed falsity of their
6  statements in the Form or intended to defraud plaintiffs by
7  obtaining coverage for an ineligible employee.
8      As to the first issue, plaintiffs proffer no grounds to
9  reconsider the court's finding.  Ultimately, a party seeking
10 reconsideration must show "more than a disagreement with the
11 [c]ourt's decision, and recapitulation of the cases and arguments
12 considered by the court before rendering its original decision
13 fails to carry the moving party's burden."  United States v.
14 Westlands Water Dist., 134 F. Supp. 2d 1111, 1131 (E.D. Cal.
15 2001) (citations ommitted).  In its Order, the court considered
16 plaintiffs' argument, made here, that defendants "had to have
17 known" Walker had cancer based on Walker's alleged, obvious
18 health condition in late 2003 and early 2004.  The court wrote:

> Defendants maintain that during this time, Sierra did
> not know Walker had been diagnosed with cancer[.]
> Both Magaw and Gilles testified that they did not know
> of Walker's diagnosis until January 7, 2004 or thereafter,
> and Walker testified she did not tell anyone at Sierra
> about her condition until after she returned to work at
> Sierra in January 2004[.] Plaintiffs dispute these facts,
> . . . , [h]owever, [they] *do not proffer any evidence
> in support of their argument.*

24 (Order at 13 n. 7) (internal citations omitted and emphasis
25 added).  Thus, the court could not find that plaintiffs had
26 demonstrated, as matter of law, that defendants made any
27 materially false statements of fact or that they intended to
28 defraud plaintiffs.

3

*Plaintiffs* brought the underlying motion for summary judgment and to prevail, they had to demonstrate the absence of any genuine issue of fact as to each of the elements for a claim of fraud. Celotex Corp. v. Catrett, 477 U.S. 317, 325 (1986). They failed to do so, and thus, the court properly denied their motion. (Order at 12-17.) Plaintiffs' vigorous opposition to the court's Order, based simply on rehashed arguments, does not provide grounds for reconsideration. United States v. Navarro, 972 F. Supp. 1296, 1299 (E.D. Cal. 1997), *rev'd on other grounds*, 160 F.3d 1254 (9th Cir. 1998) (recognizing that motions to reconsider are "not vehicles permitting the unsuccessful party to 'rehash' arguments previously presented"). Plaintiffs' motion for reconsideration on this ground is denied.[3]

As to their second basis for the motion, plaintiffs are correct that, generally, there is no right to a jury trial on a claim for restitution, pursuant to ERISA Section 502(a)(3), 29 U.S.C. § 1132(a)(3)--that equitable claim is typically tried to the court. See Thomas v. Oregon Fruit Products Company, 228 F.3d 991, 996-97 (9th Cir. 2000) (holding that ERISA plan participants and beneficiaries are not entitled to a jury trial but rather a "bench trial on the [administrative] record"). Thus, the court's references in the Order to the "jury's" determination of the

---

[3] The court notes that while plaintiffs did not proffer sufficient evidence to permit the court to grant summary judgment in their favor, nothing in the court's Order or its findings on the instant motion prevents plaintiffs from introducing other evidence at trial to contest defendants' evidence that defendants lacked any knowledge of Walker's health status until January 7, 2004, at the earliest. Said fact was "undisputed" *for purposes of the motion*, considering the evidence then before the court, but that fact does not preclude plaintiffs from introducing evidence at trial to attempt to show the contrary.

4

factual issues relating to the alleged falsity of defendants' statements and the credibility of witnesses, could have been more precise by referring instead to the "trier of fact's" determinations.  However, as defendants point out in their opposition, this case is not the typical, ERISA restitution case, and it is not clear, in this type of a case, that a party is not entitled to a jury trial.

In this case, plaintiffs are not plan participants or beneficiaries seeking benefits from a plan.  Instead, *the plan* seeks recoupment of monies it paid for the medical expenses of an alleged plan participant, on the ground that payment was made based on the fraudulent conduct of the plan participants.  As this court's previous orders have indicated, there are only a handful of similar cases wherein a plan administrator has sought restitution of monies from a plan participant, and none of those cases considered the issue of the right to a jury trial in such a case.  Thus, the court's references in the Order to the "jury's determination" of certain factual issues is not clearly in error, and thus, at this juncture, the court will not amend its Order.

Defendants ask that the court permit the parties an opportunity to brief the issue and to resolve the matter at the time of the final pretrial conference.  Because the issue has not been adequately briefed by the parties[4] and appears to be an issue of first impression, the court directs that the parties submit, in conjunction with their joint pretrial conference statement, a memorandum of points and authorities, not to exceed

---

[4] Plaintiffs did not file a reply.

5

10 pages in length, on the issue of whether this case, raising essentially a fraud claim pursuant to Section 1132(a)(3), should be tried to a jury.  To permit time for preparation of this briefing, the court CONTINUES the final pretrial conference, currently set for October 23, 2009, to November 13, 2009 at 1:30 p.m.  The parties' joint pretrial conference statement and briefing regarding the right to a jury trial shall be filed on or before November 6, 2009.

IT IS SO ORDERED.

DATED: October 15, 2009.

_____
FRANK C. DAMRELL, JR.
UNITED STATES DISTRICT JUDGE