UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

----oo0oo----

MEDICAL BENEFITS ADMINISTRATORS OF MD, INC., a Maryland corporation; and CUSTOM RAIL EMPLOYER WELFARE TRUST FUND,

    Plaintiffs,

  v.

SIERRA RAILROAD COMPANY, n/k/a SIERRA NORTHERN RAILWAY; VANNA M. WALKER; AMBER A. GILLES and DAVID N. MAGAW,

    Defendants.

NO. CIV. S-06-2408 FCD DAD

MEMORANDUM AND ORDER

----oo0oo----

This case is set for a court trial on December 6, 2010. The court has reviewed the parties' trial briefs and plaintiffs' motions in limine, filed November 22, 2010. (Docket #s 161-164.) As reflected therein, defendants raise the defense of illegality of the subject contract between plaintiff CREW and defendant Sierra Railroad Company. More specifically, defendants contend CREW was not "fully insured" under ERISA, such that it could legally do business in California pursuant to the California Insurance Code; as a party to an illegal contract, defendants

contend, CREW cannot recover the restitutionary damages it seeks by this action.

On this issue, plaintiffs filed two motions in limine seeking to preclude the defense.  However, the motions, and defendants' argument addressed in its trial brief, raise a dispositive legal issue, rather than an evidentiary issue properly considered as a motion in limine.  The parties were cautioned in the court's Scheduling Order that it would "look with disfavor upon dispositional motions" presented at "trial in the guise of motions in limine."  The court stated "the failure to raise a dispositive legal issue that could have been tendered to the court by proper pretrial motion prior to the dispositive motion cut-off date may constitute a waiver of such issue." (Docket #71.)

Defendants did not raise the illegality of the contract as an affirmative defense in their answers, nor did they move for summary judgment prior to the dispositive motion cut-off.  At this juncture, and considering the court's prior warnings, in order for defendants to raise this defense in this action, they must first demonstrate "good cause" pursuant to Fed. R. Civ. P. 16(b) to permit (1) amendment of their answers and (2) leave to file a dispositive motion for summary judgment on the issue.

Reluctantly, the court must reconsider whether the trial should proceed as scheduled in light of the potentially dispositive issue of the legality of the contract.  Should the court grant the Rule 16 motion and ultimately find the contract unenforceable, considering the interests of judicial economy and the potential costs and inconvenience to the parties, the court

1  HEREBY VACATES the trial set for December 6.
2       Defendants are directed to file a motion under Rule 16 on or
3  before December 17, 2010.  All briefing and hearing of the motion
4  shall be in compliance with E.D. Cal. L.R. 230.  The court will
5  set the matter for hearing on a motion for summary judgment or
6  trial in its order ruling on the Rule 16 motion.
7       IT IS SO ORDERED.
8  DATED: November 23, 2010

                              _____
                              FRANK C. DAMRELL, JR.
                              UNITED STATES DISTRICT JUDGE