IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

MEDICAL BENEFITS
ADMINISTRATORS OF MD, INC.,
a Maryland Corporation; and CUSTOM
RAIL EMPLOYER WELFARE
TRUST FUND,

      Plaintiffs,                            No. CIV S-06-2408 KJM DAD

      vs.

SIERRA RAILROAD COMPANY, n/k/a
SIERRA NORTHERN RAILWAY; VANNA
M. WALKER, AMBER GILLES and
DAVID N. MAGAW,

      Defendants.                       ORDER
_____/

        On March 2, 2011, the court heard argument on defendants Sierra Railroad Company's and Vanna M. Walker's motion to amend the answer to assert the defense of illegality or to construe the final pretrial order as effecting such an amendment. Thomas A. Cregger, Randolph, Cregger & Chalfant, LLP appeared for defendants; Ross E. Lampe, Muro & Lampe, Inc. appeared personally, and Daniel J. Zollner, Dykema Gossett PLLC, appeared telephonically for plaintiffs Medical Benefits Administrators and Custom Rail Employer Welfare Trust Fund.

/////

/////

1

I. <u>Background</u>

Plaintiffs Medical Benefits Administrators (MBA) and Custom Rail Employer Welfare Trust Fund (CREW) filed their complaint on October 30, 2006. ECF No. 1. In their first amended complaint, filed May 24, 2007, plaintiffs seek equitable relief under 29 U.S.C. § 1132(a)(3) to recover CREW's payments for medical benefits made to or on behalf of Walker in reliance upon defendants' misstatements and misrepresentations. ECF No. 45. Defendants Sierra Railroad Company and Vanna Walker answered the amended complaint on November 16, 2007 and April 4, 2008 respectively. ECF Nos. 69, 77. The defendants asserted nine affirmative defenses, including the defense of unclean hands. ECF No. 69 at 10-11; ECF No. 77 at 11-12. Each "reserve[d] the right to assert additional affirmative defenses if Defendant becomes aware of the existence of such defenses arising during the course of discovery." ECF No. 69 at 11; ECF No. 77 at 12. The pretrial scheduling order set the close of discovery for October 31, 2008; the deadline was extended, on stipulation of the parties, until April 30, 2009. ECF Nos. 71, 88, 97.

Although plaintiffs filed a motion for summary judgment on July 21, 2009, defendants did not file a cross-motion for summary judgment. ECF Nos. 120, 127. The court denied summary judgment on September 2, 2009. ECF No. 131. After the court denied a motion for reconsideration of its ruling, it directed the parties to file their joint pretrial statement by May 14, 2010. ECF Nos. 138, 140. Under the heading "Disputed Evidentiary Issues" the parties noted:

> Plaintiffs anticipate that Defendants will attempt to offer testimony of a California Department of Insurance witness(es). Plaintiff further anticipates that Defendants will offer testimony regarding whether CREW was "fully funded" or acting illegally in the State of California. Plaintiffs will oppose any such proffered evidence.

Joint Pretrial Statement, ECF No. 143 at 27. Under the heading "Special Factual Information in Certain Actions," the parties observed that, "Defendants contend that plaintiff is estopped from

/////

seeking any relief as the CREW contract was illegal under California law." *Id*. at 28. The following was included under the heading "Points of Law":

> Defendants further believe that the following points of law will be at issue and likely in dispute:
>
> 1. Whether CREW was fully insured under 29 US.C. § 1002 et seq. and had been issued a certificate to that effect by the Secretary of Labor, such that it could legally do business in California under section 742.1, et seq., of the California Insurance Code.
>
> 2. The res judicata effect of the decision of the Fifth Circuit in *Custom Rail Employer Welfare Trust Fund v. Geeslin*, 419 F.3d 233 (5th Cir. 2007), holding that CREW was not "fully insured" under the ERISA statutes.

*Id*. at 29. After hearing, the court directed the parties to file an amended joint pretrial statement; it contains the same information about defendants' intent to raise the issue of CREW's status under California law. ECF No. 153 at 26, 27-28.

The Final Pretrial Conference Order contains the following information:

> **E.  Disputed Evidentiary Issues/Motions In Limine**
>
> **A.  Plaintiff Anticipates The Following Evidentiary Issues Will Be The Subject of Motions in Limine:**
>
> 1. Plaintiffs will move to exclude testimony of a California Department of Insurance witness(es).
>
> 2. Plaintiffs will move to exclude testimony regarding whether CREW was "fully funded" or acting illegally in the State of California. Plaintiffs will oppose any such proffered evidence.
>
> . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .
>
> . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .
>
> **F.  SPECIAL FACTUAL INFORMATION IN CERTAIN ACTIONS**
>
> . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .
>
> . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .

/////

/////

    (E) No waiver is alleged.  Defendants contend that plaintiff is estopped from seeking any relief as the CREW contract was illegal under California law.

. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .

. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .

### H.  POINTS OF LAW

    1.  Defendants will raise the illegality of the contract under California Insurance Code § 742.40.

    2.  Whether CREW was fully insured under 29 U.S.C. § 1002 et seq. and had been issued a certificate to that effect by the Secretary of Labor, such that it could legally do business in California under section 742.1, et seq., of the California Insurance Code.

    3.  The res judicata effect of the decision of the Fifth Circuit in *Custom Rail Employer Welfare Trust Fund v. Geeslin*, 491 F.3d 233 (5th Cir. 2007), holding that CREW was not "fully insured" under the ERISA statutes.

ECF No. 156 at 21-23.

    In accordance with the schedule established in the Pretrial Order, plaintiff filed two motions in limine to prevent defendants from presenting any documentary evidence or testimony on the question whether plaintiff CREW was "fully insured" within the meaning of section 514(b)(6)(D) of ERISA or section 742 of the California Insurance Code and was acting illegally under California law.  ECF Nos. 162, 163.  Defendants filed a trial brief outlining, among other things, their theory that CREW was acting illegally under California law.  ECF No. 164.

/////

/////

/////

/////

/////

/////

4

1   On November 23, 2010, the court vacated the trial date, noting that the motions in
2   limine and defendants' trial brief "raise a dispositive legal issue, rather than an evidentiary issue
3   properly considered as a motion in limine." ECF No. 166 at 2. The court continued:

> Defendants did not raise the illegality of the contract as an
> affirmative defense in their answers, nor did they move for
> summary judgment prior to the dispositive motion cut-off. At this
> juncture, and considering the court's prior warnings, in order for
> defendants to raise this defense in this action, they must first
> demonstrate "good cause" pursuant to Fed. R. Civ. P. 16(b) to
> permit (1) amendment of their answers and (2) leave to file a
> dispositive motion for summary judgment on the issue.

9   *Id*. The court then vacated the trial date and directed defendants to file a motion under Rule 16.
10  *Id*. at 3.
11   In their motion filed in compliance with this order, defendants do not take issue
12  with the general propositions of law that illegality is an affirmative defense, Fed. R. Civ. P. 8(c),
13  and that an affirmative defense may be waived if not included in the answer, *In re Adbox, Inc.*
14  488 F.3d 836, 842 n.2 (9th Cir. 2007), but offer three reasons why it is appropriate to consider
15  the defense of illegality at this time: They have satisfied the good cause requirement of Rule 16
16  permitting amendment; the pretrial order effected an amendment of the answer; and amendment
17  is unnecessary as the affirmative defense of unclean hands subsumes the defense of illegality.

II. <u>Analysis</u>

   A.  <u>Amendment By Inclusion In The Pretrial Order</u>

   Inclusion of a claim or a defense in a final pretrial order works an amendment to
the pleading because of the controlling nature of the pretrial order. *See Rockwell International
Corp. v. United States*, 549 U.S. 457, 474 (2007); *999 v. C.I.T. Corporation*, 776 F.2d 866, 871
n.2 (9th Cir. 1985). Plaintiffs do not dispute this general proposition, but argue that the pretrial
order must do more than mention an issue for it to become a part of the litigation. Defendants
assert plaintiffs did not object to inclusion of the issue in the joint pretrial statement or the order
and in their trial brief conceded that the issue was properly before the court. Motion To Amend,

5

ECF No. 169-1 at 3; *see* Plaintiffs' Trial Brief, ECF No. 161 at 12.  Plaintiffs have the better argument.

Defendants rely on cases reciting the general proposition that a pretrial order can amend a pleading.  These cases provide little guidance in the resolution of the pending issue, as they do not describe how the challenged issues were treated in the parties' pretrial statements or presented in the pretrial orders.

This court concludes that in order to effect an amendment of the pleadings, the pretrial order must do more than mention a claim or issue.  For example, in *Curtis v. Loether*, 415 U.S. 189, 190 n.1 (1974), the Supreme Court recognized that a pretrial order amended a complaint to include the issue of actual damages when the pretrial order memorialized the court's "understanding . . . that the question of actual damages would be one of the issues to be tried."  Similarly, in *Acorn v. City of Phoenix*, 798 F.2d 1260, 1263 (9th Cir. 1986), the court concluded that the pretrial order had amended the complaint to include a challenge to a subsequent ordinance when "[b]oth ACORN and Phoenix stipulated in the pretrial order that the resolution of ACORN's action depended upon a determination of the validity of the new Phoenix ordinance."  Finally, in *White v. Cinemark USA, Inc.*, 2006 WL 2536629, at *1 (E.D. Cal. 2006), the court recognized that a joint pretrial statement and subsequent pretrial order amended a complaint to include additional accessibility violations mentioned in a letter but not the complaint when the statement identified the letter's list as identifying the alleged violations for which plaintiff sought relief.

In the instant case, in contrast, the Joint Pretrial Statement and the Pretrial Order included defendants' claim of illegality, but noted plaintiffs' objection to the evidence and to the issue.  Neither the parties in their pretrial statement nor the court in its pretrial order identified the issue of illegality as central to the resolution of the other issues presented nor described it as one of the issues to be tried.  Finally, plaintiffs' trial brief did mention defendants' claim of illegality in connection with its motions in limine, but did not concede it was properly before the

6

court. The pretrial order did not amend the answer or otherwise cure defendants' waiver by determining that the defense was properly before the court.

### B. Unclean Hands And Illegality

Defendants next argue that the defense of unclean hands, raised in both answers, includes the defense of illegality.

> The doctrine of unclean hands bars a plaintiff from seeking equitable relief "only where some unconscionable act of [the plaintiff] has immediate and necessary relation to the equity that he seeks in the matter in ligation. *See Keystone Driller Co. v. General Excavator Co.,* 290 U.S. 240, 245 . . . (1933). Courts "do not close their doors because of [a] plaintiff's misconduct, whatever its character, that has no relation to anything involved in the suit, but only for such violations of conscience as in some measure affect the equitable relations between the parties in respect of something brought before the court for adjudication. *See id*. (holding unclean hands doctrine barred patent action for injunctive relief where plaintiff bribed third party to suppress evidence of possible use of invention prior to filing plaintiff's application for patent on same invention).

*MAG Instrument, Inc., v. JS Products, Inc.*, 595 F.Supp.2d 1102, 1110 (C.D. Cal. 2008); *see also O'Flaherty v. Belgum*, 115 Cal.App.4th 1044, 1098 (2004) (unclean hands requires inequitable conduct by the plaintiff in connection with the matter in controversy and applies only where it would be inequitable to grant plaintiff any relief). "Bad intent is the essence of the defense of unclean hands." *Dollar Systems, Inc. v Avcar Leasing Systems, Inc.,* 890 F.2d 165, 173 (9th Cir. 1989).

Defendants' claimed defense of illegality, on the other hand, does not focus on the dealings between the parties or the terms of the particular contract but rather on plaintiffs' failure to obtain a certificate of compliance under the California Insurance Code. *See* Cal. Ins. Code § 742.20, *et seq*.

The two defenses, of unclean hands and illegality, are different. *See In re Torrez*, 827 F.2d 1299, 1301 n.4 (9th Cir. 1987). Defendants cite several cases, none of which equate the two defenses. In *Wong v. Tenneco, Inc.*, 39 Cal.3d 126, 128 (1985), the California Supreme

Court refused to allow "a produce grower to enlist the aid of the California courts to recover damages allegedly suffered as a result of losing his illegal farming operations in Mexico." The court did not equate the defense of illegality with the defense of unclean hands; it based its decision on the principle that "'a party to an illegal contract cannot come into a court of law and ask to have his illegal objects carried out. . . .'" *Id*. at 135. In *Adler v. The Federal Republic of Nigeria*, 219 F.3d 869 (9th Cir. 2000), the plaintiff sought damages for the breach of a contract, the object of which was to defraud the Nigerian government. The court mentioned the illegality of the contract but did not equate its illegality with its ultimate conclusion that the district court had properly applied the doctrine of unclean hands to bar plaintiff's recovery; it did not equate the two doctrines. *Id*. at 877. Defendants have not shown that raising the defense of unclean hands includes the defense of illegality.

C. Amending The Answer

In its order of November 23, 2010, the court directed defendants to show good cause under Federal Rule of Civil Procedure 16(b) supporting their request to amend their answers. ECF No. 166 at 2. To the extent that the amendment of the answers would amend the pretrial order, such a change is permissible only "to prevent manifest injustice." Fed. R. Civ. P. 16(e). Whatever the appropriate standard, defendants have not satisfied it here.

In *Johnson v. Mammoth Recreations, Inc*., 975 F.2d 604, 609 (9th Cir. 1992), the Ninth Circuit described Rule 16(b)'s good cause standard and Rule 16(b)'s "good cause" standard as focusing on "the diligence of the party seeking the amendment." It recognized that while "the existence or degree of prejudice to the party opposing the modification might supply additional reasons to deny a motion, the focus . . . is upon the moving party's reasons . . . . If that party was not diligent, the inquiry should end." *Id*. (citation omitted); *see also Ultimax Cement Manufacturing Corporation v. CTS Cement Manufacturing*, 587 F.3d 1339, 1354 (9th Cir. 2010) ("'[g]ood cause' has been defeated by undue delay in moving to amend. . . .").

/////

Defendants' counsel avers that he learned of the decision in *Crew v. Geeslin,* 491 F.3d 233 (5th Cir. 2007), only after the answers were filed in this case, when a representative of Sierra Railway told him about it. ECF No. 169-2, Declaration of Thomas A. Cregger (Cregger Decl.) ¶ 1.[1] He does not address why he failed to discover the decision, issued before the answers were filed in November 2007 and April 2008, and its import to his case, before someone else told him about it or why he did not seek to amend when he did learn of it. Thereafter, in October 2008, counsel deposed Susan Stapp and explored the issue of CREW's compliance, but ultimately concluded that the issue was not appropriate for summary judgment; he does not, however, explain why he failed to seek an amendment to the answers at that time. Cregger Decl. ¶¶ 2-3; *see In re Cellular 101, Inc.*, 539 F.3d 1150, 1156 (9th Cir. 2008) (affirmative defense waived when defendant did not move to amend when counsel learned of new defense). He has failed to satisfy the diligence component of the Rule 16(b) inquiry.  Because "the inquiry should end" at this point, the court declines to consider defendants' public policy arguments. *Johnson*, 975 F.2d at 609.

The court reaches the same result under the "manifest injustice test" of Rule 16(e). The Ninth Circuit has listed four factors to consider: prejudice to the opposing party, that party's ability to cure the prejudice, the impact on the orderly and efficient conduct of the trial and any willfulness or bad faith on the part of the party seeking the modification. *Galdamez v. Potter*, 415 F.3d 1015, 1020 (9th Cir. 2005). The court also considers the party's delay in seeking the amendment. *Id*. In this five-year old case, plaintiffs may be able to address the issue in a dispositive motion, but this would cause further unwarranted delay. Moreover, the last-minute nature of the motion has already impeded the orderly conduct of the proceedings. Defendants have not borne their burden in this case.

/////

---

[1] There are two paragraphs numbered "1" in the declaration; the court refers to the second.

1  IT IS THEREFORE ORDERED that:

2  1. Defendants' motion to amend the answer (ECF No. 169) is denied; and

3  2. The parties are directed to file a joint status report within fourteen days of the

4 date of this order, listing acceptable dates for court trial.

5 DATED: May 6, 2011.

_____
UNITED STATES DISTRICT JUDGE